■ Mary E. Heagney, Respondent, v Big City Paving and Construction, Inc., Appellant, and St. Patrick's Roman Catholic Church, Respondent. [679 NYS2d 684] —In an action to recover damages for personal injuries, the defendant Big City Paving and Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated September 17, 1997, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, an employee of St. Patrick's School, was injured when she fell as she walked across a temporary ramp consisting of unattached wooden planks laid over a stairway area at

the school's back entrance. The steps had been demolished several months earlier by Complete Energy Management, Inc., during construction of a steam line. According to deposition testimony, the defendant Big City Paving and Construction, Inc. (hereinafter Big City Paving), had agreed to repave the area which had been under construction and to replace the steps. The contract between Big City Paving and St. Patrick's Roman Catholic Church, however, does not provide for reconstruction of the steps.

Although Big City Paving did not create the condition which allegedly caused the plaintiff to fall, the record indicates that it had commenced its preliminary work in the area prior to the plaintiff's accident, and that it had notice of the dangerous and hazardous condition. Indeed, the president of Big City Paving had informed the pastor of the church that the construction area, including the steps, should be closed off because it was unsafe. At the very least, therefore, issues of fact exist with respect to how much control Big City Paving had over the site where the plaintiff fell, whether it had agreed to fix the area where the plaintiff fell, and, if so, whether it took adequate precautions to protect the plaintiff from injury (*see generally, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579; *Zuckerman v City of New York,* 49 NY2d 557; *Pulka v Edelman,* 40 NY2d 781). Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.